## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| VEATH FISH FARM, LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | Case No. 17-cv-303 |
| v. | ) | |
| | ) | |
| PURINA ANIMAL NUTRITION, LLC | ) | |
| | ) | |
| Serve:  CT Corporation System | ) | |
| 208 So. Lasalle St., Suite 814 | ) | |
| Chicago, IL 60604 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TEXAS FARM PRODUCTS COMPANY | ) | |
| | ) | |
| Serve:  Registered Agent Solutions, Inc. | ) | |
| 1701 Directors Blvd., Suite 300 | ) | |
| Austin, Texas  78744 | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for its Complaint against the Defendants, PURINA ANIMAL NUTRITION, LLC ("Purina") and TEXAS FARM PRODUCTS COMPANY, a/k/a "TFP NUTRITION" ("TFPC"), states as follows:

## NATURE OF COMPLAINT

1.    This is a diversity action for consumer fraud, breach of express and implied warranties and negligence arising out of the sale of Purina AquaMax Sport Fish 500 ("AquaMax 500") and Purina AquaMax Sport Fish 600 ("AquaMax 600"), which are fish feed products manufactured for Purina by TFPC and sold under the Purina label.  AquaMax 500 and AquaMax 600 were marketed to largemouth bass producers, among others, and were advertised, packaged

and warranted to be nutritionally superior and safe for largemouth bass.  Contrary to these marketing statements, advertisements, packaging and warranties, the AquaMax 500 and AquaMax 600 manufactured by TFPC were inherently dangerous when fed to largemouth bass, causing large-scale fish deaths.  As a direct and proximate result, Veath Fish Farm sustained substantial and continuing damages.

## PARTIES

2.      Veath Fish Farm is a limited liability company duly organized and existing under and by virtue of the laws of the State of Illinois, having its principal place of business located at 7573 Veath Lane, Evansville (Randolph County), Illinois.

3.      Purina is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business located at 1080 West County Road F, Shoreview, Minnesota, and doing business in the State of Illinois.

4.      TFPC is a corporation duly organized and existing under and by virtue of the laws of the State of Texas, having its principal place of business located at 915 South Fredonia Street, Nacogdoches, Texas, and doing business in the State of Illinois.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) since the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000.

6.      Venue is proper in this District and in this Court pursuant to 28 U.S.C. § 1391(b) since a substantial part of the events or omissions giving rise to the claim occurred here and the property that is subject of the action is situated here.

## FACTS COMMON TO ALL COUNTS

7.      Veath Fish Farm is a largemouth bass producer located in Evansville, Illinois.  As a largemouth bass producer, Veath Fish Farm feed-trains largemouth bass in a managed environment.

8.       As of June 2015, Veath Fish Farm had approximately 360,000 largemouth bass of varying ages and sizes in its production ponds.

9.      Veath Fish Farm typically raised largemouth bass for a period of approximately three (3) years.  Each year the three-year-old bass were sold, as well as a portion of the one-year-old and two-year-old bass.

10.     Veath Fish Farm sold the bass to three (3) main markets:  Chicago, New York, and directly to various regional stock ponds.

11.     Veath Fish Farm began purchasing fish food produced by Purina in 2008.

12.     Upon information and belief, prior to approximately June of 2015 AquaMax 500 and AquaMax 600 were manufactured for Purina by one or more companies other than TFPC.

13.     Upon information and belief, beginning in approximately June of 2015, AquaMax 500 and AquaMax 600 began to be manufactured by TFPC.

14.     Veath Fish Farm never had any significant problems with the AquaMax 500 and AquaMax 600 fish food prior to the time that the products began to be manufactured for Purina by TFPC.

15.     No notice was given to Veath Fish Farm that the manufacturer of AquaMax 500 and AquaMax 600 was changed to TFPC.

16.     At all times relevant herein, AquaMax 500 and AquaMax 600 were marketed to feed-trained largemouth bass producers such as Veath Fish Farm, as well as others.

17.     At all times relevant herein, the bags in which AquaMax 500 and AquaMax 600 were sold to Veath Fish Farm were printed with various statements, representations, guarantees, warranties and/or promises including, but not limited to, the following:

a)   "Purina® AquaMax® fish foods are designed to feed a variety of species and are formulated for optimum nutrient delivery. Our products are 100% nutritionally complete diets developed by professional nutritionists and fish experts. With complete nutrition, fish grow at a better pace and receive the benefits to support a healthy immune system."

b)   "CARNIVOROUS SPECIES.  High-protein, nutrient-dense diets are required to promote healthy growth in this type of species.  Fish include: feed-trained largemouth bass, hybrid striped bass, bluegill sunfish, and rainbow trout."

c)   "FEED-TRAINED LARGEMOUTH BASS. Feed-trained largemouth bass are popular predator fish with today's pond management.  Largemouth bass that are not feed-trained are unlikely to respond to this product.  However, largemouth bass originating from a hatchery are likely to have been feed-trained."

d)   "100% NUTRITIONALLY COMPLETE TO MAXIMIZE GROWTH."

e)   "SUPERIOR FEED EFFICIENCY AND RATE OF GAIN."

f)   "DESIGNED TO STIMULATE AGGRESSIVE FEEDING BEHAVIOR."

18.     Purina similarly marketed its AquaMax fish feed to largemouth bass producers and others through its website and local sales representatives.

19.     At all times relevant herein, Purina's website contained various statements, representations, guarantees, warranties and/or promises regarding the AquaMax 500 and AquaMax 600 fish food including, but not limited to, the following:

     a) "100% nutritionally complete."

     b) "Complete, balanced diet for optimum growth."

     c) "Excellent grower diet for carnivorous fish."

     d) "Highly palatable, superb attractant, designed to maximize digestibility for carnivorous fish."

     e) "Significant nutrient absorption designed to produce clean water and big fish."

20.    TFPC similarly marketed its feed products on its website.

21.    On its website, TFPC incorporated by reference the statements, representations, guarantees, warranties and/or promises made by Purina on the bags of AquaMax 500 and AquaMax 600 manufactured by TFPC by stating:  "we have a responsibility to provide products that are affordable and ***meet or exceed the guarantees on the bag*** and are in conformance with all laws and regulations."  (Emphasis added).

22.    In addition, at all times relevant herein, TFPC's website contained additional statements, representations, guarantees, warranties and/or promises regarding its feed products including, but not limited to, the following:

     a) "From incoming shipments to outgoing finished products, we test and retest to guarantee that both the nutritional quality and safety of every product meets the stringent guidelines of our quality assurance program."

     b) "TFP Nutrition draws from a vast array of resources to produce high quality products that balance the nutritional needs of every animal that consume our products."

     c) "We have spent years developing and refining our formulas to maintain the integrity of our products and maximize the health benefits for every animal.

Therefore, consumers can feed our formulas with 100% confidence, knowing that their animals are getting proper nutrition for optimal health at every stage of life."

d) "We work hard to ensure that every formula incorporates the highest quality ingredients with the most up-to-date nutritional knowledge."

e) "To the pets, commercial animals and wildlife that consume our products - - we have a responsibility to provide safe, nutritionally sound products."

f) To pet parents, ranchers and wildlife enthusiasts - - we have a responsibility to provide products that are affordable and meet or exceed the guarantees on the bag and are in conformance with all laws and regulations."

g) "Food ingredients must be proven safe and effective before use.  Ingredients and finished products are tested to confirm proper processing and to meet our guarantees."

h) "Nutrition means nothing if the resulting product is not crafted perfectly to conform to consumer expectations."

i) "Rest assured, when a product makes it to your warehouse, retail store or consumers' home, a little bit of us is there to make sure what was delivered is of the highest quality."

j) TFPC "has over eight and half decades of experience transforming raw ingredients into formulas that provide balanced and healthy nutrition for pets and livestock."

k) "we make safe, reliable, and wholesome products that provide the best possible nutrition for the animals we love."

23.     Purina and TFPC made these statements for the purpose of inducing reliance by consumers, such as Veath Fish Farm.

24.     Prior to the time that TFPC began manufacturing AquaMax 500 and AquaMax 600 fish food for Purina, Veath Fish Farm had not experienced any significant problems with those products.

25.     Upon information and belief, the AquaMax 500 and AquaMax 600 fish food were reformulated, altered or changed from their prior composition sometime during the time they were manufactured by TFPC.

26.     Purina and TFPC failed to warn consumers, including Veath Fish Farm, that the AquaMax 500 and AquaMax 600 fish food manufactured by TFPC had been reformulated, altered or changed from its prior composition.

27.     Purina and TFPC failed to warn consumers, including Veath Fish Farm, that as a result of the reformulation, alteration or change of the AquaMax 500 and AquaMax 600 fish food from its prior composition, one or more of the statements, representations, guarantees, warranties and/or promises made by Purina and/or TFPC as stated in Paragraphs 17, 19, 21 and 22, above, were no longer true or accurate.

28.     Purina and TFPC failed to warn consumers, including Veath Fish Farm, that as a result of the reformulation, alteration or change of the AquaMax 500 and AquaMax 600 fish food from its prior composition, those products were no longer safe and/or "100% NUTRITIONALLY COMPLETE TO MAXIMIZE GROWTH" for largemouth bass.

29.     Purina and TFPC failed to warn consumers, including Veath Fish Farm, that the AquaMax 500 and AquaMax 600 fish food manufactured by TFPC had been reformulated, altered and/or changed from its prior composition, resulting in, among other things, higher

digestible carbohydrate percentages than what largemouth bass can physically use which, in turn, causes liver damage in largemouth bass.

30.     Purina marketed, distributed and sold the AquaMax 500 and AquaMax 600 fish food manufactured by TFPC in the State of Illinois.

31.     In reliance on the statements, representations, guarantees, warranties and/or promises made by Purina as stated in Paragraphs 17 and 19, above, Veath Fish Farm continued to purchase the AquaMax 500 and AquaMax 600 fish food manufactured by TFPC after it was reformulated, altered or changed.

32.     In reliance on the statements, representations, guarantees, warranties and/or promises made by Purina as stated in Paragraphs 17 and 19, above, Veath Fish Farm continued to feed the AquaMax 500 and AquaMax 600 fish food manufactured by TFPC to its largemouth bass population after it was reformulated, altered or changed.

33.     Contrary to the statements, representations, guarantees, warranties and/or promises made by Purina and TFPC, the AquaMax 500 and AquaMax 600 fish food manufactured by TFPC was not fit for largemouth bass in that those products, among other things, contained digestible carbohydrate percentages that were higher than what largemouth bass can physically use which, in turn, causes damage to their livers.

34.     As a direct and proximate result of feeding its largemouth bass the reformulated, altered or changed AquaMax 500 and AquaMax 600 fish food manufactured by TFPC, Veath Fish Farm began to experience decreased growth and significantly increased deaths of its largemouth bass population.

35.     By April 2016, as a direct and proximate result of feeding its largemouth bass population the reformulated, altered or changed AquaMax 500 and AquaMax 600 fish food

manufactured by TFPC, Veath Fish Farm experienced substantial loss of its fish population from disease and death.

## COUNT I
**(Illinois Consumer Fraud Act – Purina)**

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count I of its Complaint against Defendant, PURINA ANIMAL NUTRITION, LLC ("Purina"), states as follows:

36.     Plaintiff, Veath Fish Farm, incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37.     Purina marketed and advertised its AquaMax 500 and AquaMax 600 products as being nutritionally optimal and safe for largemouth bass consumption.

38.     Purina's packaging, advertisement, website and marketing efforts for AquaMax 500 and AquaMax 600 directly targeted feed-trained largemouth bass producers such as Veath Fish Farm, as well as others.

39.     Purina intended consumers, including largemouth bass producers such as Veath Fish Farm, to rely on its statements and representations regarding the nutritional quality and safety of AquaMax 500 and AquaMax 600 manufactured by TFPC.

40.     Veath Fish Farm relied upon Purina's statements and representations regarding AquaMax 500 and AquaMax 600 when it purchased those products manufactured by TFPC.

41.     Veath Fish Farm relied upon Purina's statements and representations regarding AquaMax 500 and AquaMax 600 manufactured by TFPC when it fed those products to its population of largemouth bass.

42.     Purina's representations regarding AquaMax 500 and AquaMax 600 manufactured by TFPC were false in that the AquaMax 500 and AquaMax 600 products

manufactured by TFPC were not safe for largemouth bass and were not "100% NUTRITIONALLY COMPLETE TO MAXIMIZE GROWTH," and were contrary to other statements and representations made by Purina as set forth in Paragraphs 17 and 19, above.

43.     Had Veath Fish Farm known that Purina's representations regarding AquaMax 500 and AquaMax 600 manufactured by TFPC were false, Veath Fish Farm would not have purchased the products and/or fed the products to its population of largemouth bass.

44.     As a direct and proximate result of the false statements and representations made by Purina, Veath Fish Farm purchased the AquaMax 500 and AquaMax 600 fish food manufactured by TFPC and fed the products to its population of largemouth bass, which began to experience decreased growth and dramatically increased death rates.

45.     As a direct and proximate result of the false statements and representations made by Purina, Veath Fish Farm experienced substantial loss of its fish population from disease and death.

46.     As a direct and proximate result of the false statements and representations made by Purina, Veath Fish Farm sustained significant lost profits, incurred significant expenses in attempting to save its dying fish population, incurred additional expenses for the purchase of replacement fish food, and suffered the significant loss of future earnings, damage to reputation, loss of business expectancy, and other damages.

47.     Purina's false statements and representations were in violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.* and Plaintiff is entitled to damages as prescribed therein.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, Purina, awarding Plaintiff compensatory damages, exemplary damages, punitive damages, attorney's

fees, costs, and such additional damages and allowances as provided by the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq*., together with such further and additional relief as the Court deems just and proper.

## COUNT II
### (Breach of Express Warranty – Purina)

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count II of its Complaint against Defendant, PURINA ANIMAL NUTRITION, LLC ("Purina"), states as follows:

48.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

49.     Purina expressly warranted its AquaMax 500 and AquaMax 600 products manufactured by TFPC to be nutritionally safe and specifically designed for feeding to largemouth bass as set forth in Paragraphs 17 and 19, above.

50.     Veath Fish Farm relied on Purina's warranties and representations when purchasing AquaMax 500 and AquaMax 600 products manufactured by TFPC for its largemouth bass production.

51.     Purina breached its expressed warranties regarding AquaMax 500 and AquaMax 600 in that those products were not nutritionally appropriate for largemouth bass and, rather than stimulate growth, actually diminished the size and health of the largemouth bass population.

52.     Veath Fish Farm provided Purina with notice of the breach of warranty.

53.     As a direct and proximate result of Purina's breach of its express warranties, Veath Fish Farm suffered a significant loss of its largemouth bass population and further damages in the form of lost profits, expenses incurred attempting to save the dying fish, expenses incurred for the purchase of replacement fish food, loss of future earnings, damage to reputation,

loss of business expectancy and other damages including, but not limited to, all losses resulting in the ordinary course of events from Purina's breach.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, Purina, awarding Plaintiff compensatory damages, together with Plaintiff's attorney's fees and costs, and such further and additional relief as the Court deems just and proper.

## COUNT III
### (Breach of Implied Warranty of Merchantability – Purina)

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count III of its Complaint against Defendant, PURINA ANIMAL NUTRITION, LLC ("Purina"), states as follows:

54.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

55.     Purina is a merchant selling goods, including AquaMax 500 and AquaMax 600 manufactured for Purina by TFPC.

56.     Veath Fish Farm purchased AquaMax 500 and AquaMax 600 manufactured for Purina by TFPC.

57.     The AquaMax 500 and AquaMax 600 manufactured for Purina by TFPC were not merchantable at the time of the sale to Veath Fish Farm in that they were not nutritionally safe to be fed to largemouth bass and were, in fact, inherently dangerous for largemouth bass.

58.     The AquaMax 500 and AquaMax 600 manufactured for Purina by TFPC were not fit for feeding to largemouth bass, as impliedly warranted by Purina.

59.     Veath Fish Farm provided Purina with notice of the breach of the implied warranty.

60.     As a direct and proximate result of Purina's breach of the implied warranty of merchantability, Veath Fish Farm suffered a significant loss of its largemouth bass population and further damages in the form of lost profits, expenses incurred attempting to save the dying fish, expenses incurred for the purchase of replacement fish food, loss of future earnings, damage to reputation, loss of business expectancy and other damages including, but not limited to, all losses resulting in the ordinary course of events from Purina's breach.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, Purina, awarding Plaintiff compensatory damages, together with Plaintiff's attorney's fees and costs, and such further and additional relief as the Court deems just and proper.

## COUNT IV
### (Breach of Implied Warranty of Fitness for a Particular Purpose – Purina)

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count IV of its Complaint against Defendant, PURINA ANIMAL NUTRITION, LLC ("Purina"), states as follows:

61.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

62.     Veath Fish Farm purchased AquaMax 500 and AquaMax 600 manufactured for Purina by TFPC.

63.     Prior to the sale to Veath Fish Farm, Purina had reason to know that buyers such as Veath Fish Farm would purchase AquaMax 500 and AquaMax 600 manufactured by TFPC for the purpose of feeding those products to largemouth bass.

64.     Purina had reason to know that Veath Fish Farm would rely on Purina's skill or judgment to select AquaMax 500 and AquaMax 600 as being products suitable to feed to largemouth bass.

65.     Veath Fish Farm actually relied on Purina in selecting AquaMax 500 and AquaMax 600 to feed to its largemouth bass.

66.     The AquaMax 500 and AquaMax 600 manufactured for Purina by TFPC were not suitable for the purpose of feeding to largemouth bass in that they were not nutritionally safe for consumption by largemouth bass and were, in fact, inherently dangerous for largemouth bass.

67.     Veath Fish Farm provided Purina with notice of the breach of the implied warranty.

68.     As a direct and proximate result of Purina's breach of the implied warranty of fitness for a particular purpose, Veath Fish Farm suffered a significant loss of its largemouth bass population and further damages in the form of lost profits, expenses incurred attempting to save the dying fish, expenses incurred for the purchase of replacement fish food, loss of future earnings, damage to reputation, loss of business expectancy and other damages including, but not limited to, all losses resulting in the ordinary course of events from Purina's breach.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, Purina, awarding Plaintiff compensatory damages, together with Plaintiff's attorney's fees and costs, and such further and additional relief as the Court deems just and proper.

**COUNT V**
**(Negligence – Purina)**

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count V of its Complaint against Defendant, PURINA ANIMAL NUTRITION, LLC ("Purina"), states as follows:

69.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if more fully set forth herein.

70.     As a seller of fish food, Purina owed a duty to exercise ordinary care in the design, formulation, manufacture, production, marketing, distribution and/or sale of its fish food products, including AquaMax 500 and AquaMax 600.

71.     Purina was negligent in that it failed to exercise ordinary care in the design, formulation, manufacture, production, marketing, distribution and/or sale of the AquaMax 500 and AquaMax 600 manufactured for Purina by TFPC in that said products were not nutritionally safe for largemouth bass.

72.     Purina breached its duty to exercise ordinary care in the design, formulation, manufacture, production, marketing, distribution and/or sale of the AquaMax 500 and AquaMax 600 manufactured for Purina by TFPC in that said products were not nutritionally safe for largemouth bass.

73.     As a direct and proximate result of Purina's negligence and breach of its duty to exercise ordinary care, Veath Fish Farm suffered a significant loss of its largemouth bass population and further damages in the form of lost profits, expenses incurred attempting to save the dying fish, expenses incurred for the purchase of replacement fish food, loss of future earnings, damage to reputation, loss of business expectancy and other damages including, but not limited to, all losses resulting in the ordinary course of events from Purina's breach.

74.     Purina's actions were willful and wanton, outrageous and/or grossly negligent.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, Purina, awarding Plaintiff compensatory damages, punitive damages, costs, and such further and additional relief as the Court deems just and proper.

{M0472431.6}                                           15

## COUNT VI
### (Illinois Consumer Fraud Act – TFPC)

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count VI of its Complaint against Defendant, TEXAS FARM PRODUCTS COMPANY ("TFPC"), states as follows:

75.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

76.     On its website, TFPC incorporated by reference the statements, representations, guarantees, warranties and/or promises made on the bags of AquaMax 500 and AquaMax 600 manufactured by TFPC.

77.     TFPC further marketed and advertised its feed products as being nutritionally optimal and safe for consumption.

78.     TFPC intended consumers, including largemouth bass producers such as Veath Fish Farm, to rely on its statements and representations regarding the nutritional quality and safety of ifs feed products, including AquaMax 500 and AquaMax 600 manufactured by TFPC.

79.     TFPC's representations regarding its feed products, including AquaMax 500 and AquaMax 600 manufactured by TFPC, were false in that the AquaMax 500 and AquaMax 600 manufactured by TFPC were not nutritionally safe for largemouth bass.

80.     Veath Fish Farm purchased the AquaMax 500 and AquaMax 600 manufactured by TFPC.

81.     Had Veath Fish Farm known that the AquaMax 500 and AquaMax 600 manufactured by TFPC were not nutritionally safe for largemouth bass, it would not have purchased those products.

82.     As a direct and proximate result of the false statements and representations made regarding the AquaMax 500 and AquaMax 600 manufactured by TFPC, Veath Fish Farm experienced substantial loss of its fish population from disease and death.

83.     As a direct and proximate result of the false statements and representations made regarding the AquaMax 500 and AquaMax 600 manufactured by TFPC, Veath Fish Farm sustained significant lost profits, incurred significant expenses in attempting to save its dying fish population, incurred additional expenses for the purchase of replacement fish food, and suffered the significant loss of future earnings, damage to reputation, loss of business expectancy, and other damages.

84.     TFPC's false statements and representations were in violation of the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.* thereby entitling Veath Fish Farm to damages as prescribed therein.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, TFPC, awarding Plaintiff compensatory damages, exemplary damages, punitive damages, attorney's fees, costs, and such additional damages and allowances as provided by the Illinois Consumer Fraud and Deceptive Practices Act, 815 ILCS 505/1, *et seq.*, together with such further and additional relief as the Court deems just and proper.

## COUNT VII
### (Breach of Implied Warranty of Merchantability – TFPC)

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count VII of its Complaint against Defendant, TEXAS FARM PRODUCTS COMPANY ("TFPC"), states as follows:

85.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

86.     TFPC is a merchant that manufactured and sold AquaMax 500 and AquaMax 600 products at its production plant during the period of approximately June 2015 through March 2016.

87.     Veath Fish Farm purchased the AquaMax 500 and AquaMax 600 products manufactured by TFPC.

88.     The AquaMax 500 and AquaMax 600 manufactured by TFPC were not merchantable at the time of the sale to Veath Fish Farm in that they were not nutritionally safe to be fed to largemouth bass and were, in fact, inherently dangerous for largemouth bass.

89.     The AquaMax 500 and AquaMax 600 manufactured by TFPC were not fit for feeding to largemouth bass, as impliedly warranted by TFPC.

90.     Veath Fish Farm provided TFPC with notice of the breach of the implied warranty through its agent, Purina.

91.     As a direct and proximate result of TFPC's breach of the implied warranty of merchantability, Veath Fish Farm suffered a significant loss of its largemouth bass population and further damages in the form of lost profits, expenses incurred attempting to save the dying fish, expenses incurred for the purchase of replacement fish food, loss of future earnings, damage to reputation, loss of business expectancy and other damages including, but not limited to, all losses resulting in the ordinary course of events from TFPC's breach.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, TFPC, awarding Plaintiff compensatory damages, together with Plaintiff's attorney's fees and costs, and such further and additional relief as the Court deems just and proper.

## COUNT VIII
### (Breach of Implied Warranty of Fitness for a Particular Purpose – TFPC)

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count VIII of its Complaint against Defendant, TEXAS FARM PRODUCTS COMPANY ("TFPC"), states as follows:

92.     Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

93.     Veath Fish Farm purchased AquaMax 500 and AquaMax 600 manufactured by TFPC.

94.     Prior to the sale to Veath Fish Farm, TFPC had reason to know that buyers such as Veath Fish Farm would purchase AquaMax 500 and AquaMax 600 manufactured by TFPC for the purpose of feeding those products to largemouth bass.

95.     TFPC had reason to know that Veath Fish Farm would rely on TFPC's skill or judgment to select the AquaMax 500 and AquaMax 600 manufactured by TFPC as being products suitable to feed to largemouth bass.

96.     Veath Fish Farm actually relied on TFPC and/or its agent, Purina, in selecting AquaMax 500 and AquaMax 600 manufactured by TFPC to feed to its largemouth bass.

97.     The AquaMax 500 and AquaMax 600 manufactured by TFPC were not suitable for the purpose of feeding to largemouth bass in that they were not nutritionally safe for consumption by largemouth bass and were, in fact, inherently dangerous for largemouth bass.

98.     Veath Fish Farm provided TFPC with notice of the breach of the implied warranty through its agent, Purina.

99.     As a direct and proximate result of TFPC's breach of the implied warranty of fitness for a particular purpose, Veath Fish Farm suffered a significant loss of its largemouth bass

population and further damages in the form of lost profits, expenses incurred attempting to save the dying fish, expenses incurred for the purchase of replacement fish food, loss of future earnings, damage to reputation, loss of business expectancy and other damages including, but not limited to, all losses resulting in the ordinary course of events from TFPC's breach.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, TFPC, awarding Plaintiff compensatory damages, together with Plaintiff's attorney's fees and costs, and such further and additional relief as the Court deems just and proper.

**COUNT IX**
**(Negligence – TFPC)**

COMES NOW Plaintiff, VEATH FISH FARM, LLC ("Veath Fish Farm"), by and through its attorneys, Mathis, Marifian & Richter, Ltd., and for Count IX of its Complaint against Defendant, TEXAS FARM PRODUCTS COMPANY ("TFPC"), states as follows:

100.    Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint as if fully set forth herein.

101.    As a manufacturer and seller of fish food, TFPC owed a duty to exercise ordinary care in the design, formulation, manufacture, production, marketing, distribution and/or sale of its fish food products, including AquaMax 500 and AquaMax 600.

102.    TFPC was negligent in that it failed to exercise ordinary care in the design, formulation, manufacture, production, marketing, distribution and/or sale of the AquaMax 500 and AquaMax 600 manufactured by TFPC in that said products were not nutritionally safe for largemouth bass.

103.    TFPC breached its duty to exercise ordinary care in the design, formulation, manufacture, production, marketing, distribution and/or sale of the AquaMax 500 and AquaMax 600 manufactured by TFPC in that said products were not nutritionally safe for largemouth bass.

104.    As a direct and proximate result of TFPC's negligence and breach of its duty to exercise ordinary care, Veath Fish Farm suffered a significant loss of its largemouth bass population and further damages in the form of lost profits, expenses incurred attempting to save the dying fish, expenses incurred for the purchase of replacement fish food, loss of future earnings, damage to reputation, loss of business expectancy and other damages including, but not limited to, all losses resulting in the ordinary course of events from TFPC's breach.

105.    TFPC's actions were willful and wanton, outrageous and/or grossly negligent.

WHEREFORE, Plaintiff prays this Court enter Judgment against the Defendant, TFPC, awarding Plaintiff compensatory damages, punitive damages, costs, and such further and additional relief as the Court deems just and proper.


MATHIS, MARIFIAN & RICHTER, LTD.



By:    s/William J. Niehoff
        William J. Niehoff #6193763
        Mark S. Schuver #6197656
        Melissa C. Meirink #6323373
        23 Public Square, Suite 300
        Belleville, Illinois 62220
        (618) 234-9800
        (618) 234-9786 Fax
        wniehoff@mmrltd.com
        mschuver@mmrltd.com
        mmeirink@mmrltd.com

Attorneys for Plaintiff, Veath Fish Farm, LLC